IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02304-BNB

LAWRENCE EVERTTE SAVAGE,

Plaintiff,

v.

SHERIFF STAN HILKEY,
LIEUTENANT CRAIG A. MILLER,
SERGEANT RADER, and
DEPUTY KING,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 22 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Lawrence Evertte Savage is in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility. He has filed a *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff seeks compensatory damages.

Mr. Savage has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Complaint will be dismissed pursuant to § 1915(e)(2)(B)(i) as legally frivolous.

The Court must construe Mr. Savage's Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Savage alleges that in December 2006, while he was housed at the Mesa County Jail, Defendants removed music song sheets from his personal property. He further asserts that he was told that the sheets were being confiscated as contraband, and he had two days to make arrangements for the sheets to be sent out of the jail. Subsequently, Defendants Sergeant Rader and Deputy King disposed of the music song sheets allegedly because Plaintiff had spoken to another jail sergeant about the music sheets.

With respect to Mr. Savage's claim that Defendants intentionally deprived him of his personal property in violation of the Fourteenth Amendment, the United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Mr. Savage states that he exhausted available administrative remedies and provides copies of the grievance he filed and the responses by jail staff. If a grievance procedure provides a meaningful remedy, there is no due process violation. *See Hudson*, 468 U.S. at 536; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). The Mesa County Detention Facility provided Mr. Savage

2

with an adequate post-deprivation remedy. The fact that Mr. Savage's grievance was denied does not mean the Mesa County Detention Facility failed to provide him with a meaningful remedy. Plaintiff's Fourteenth Amendment claim is frivolous.

Mr. Savage also claims that his rights were violated under the Fourth Amendment when Defendants Rader and King took and eventually destroyed part of his property. To the extent that Plaintiff is attempting to claim a violation of his privacy rights when his property was searched, inventoried, and taken from him, prisoners are not protected under the Fourth Amendment from wrongful seizure of property contained in their cells because "the Fourth Amendment does not establish a right to privacy in prisoners' cells." *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir.1995) **(citing** *Hudson v. Palmer*, 468 U.S. 517, 522- 30 (1984)). Therefore, Plaintiff's Fourth Amendment claim also is frivolous.

As for Plaintiff's Eighth Amendment claim, a prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities.' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment

3

include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

As noted above, Plaintiff claims that he has been subjected to cruel and unusual punishment because his music sheets were taken from him and destroyed. The fact that Plaintiff's property was taken and not returned to him does not demonstrate that Plaintiff has been denied any of life's necessities. Plaintiff's Eighth Amendment claim also is frivolous. Accordingly, it is

ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as **legally frivolous**. It is

**FURTHER ORDERED that the plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If the plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action the plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action the plaintiff already has initiated.**

DATED at Denver, Colorado, this 21 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02304-BNB

Lawrence Everett Savage
Prisoner No. 82150
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk